UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA YVETTE SHARP, | : CIVIL NO. 1:12-CV-01273 |
| Plaintiff | : (Judge Jones) |
| v. | : (Magistrate Judge Smyser) |
| HARRISBURG HOSPITAL, | : |
| Defendant | : |

**REPORT AND RECOMMENDATION**

We have reviewed the amended complaint in accordance with 28 U.S.C. § 1915(e)(2), and we conclude that it fails to state a claim upon which relief may be granted. We recommend that the amended complaint be dismissed and that the case file be closed.

I. Background and Procedural History.

The plaintiff commenced this action by filing a complaint and an application to proceed *in forma pauperis*. We granted the plaintiff leave to proceed *in forma pauperis*. We noted that the complaint fails to allege facts from which it can reasonably be inferred that the court has subject-matter

jurisdiction and that the complaint does not provide a short and plain statement of the claim showing that the plaintiff is entitled to relief.  We granted the plaintiff leave to file an amended complaint.

The plaintiff filed an amended complaint.  The defendant is Harrisburg Hospital.  The amended complaint concerns the death of the plaintiff's mother in 1994 or 1996 from breast cancer.

II. Pleading Standards.

Under Federal Rule of Civil Procedure 8(a)(1), the complaint must contain a short and plain statement of the court's jurisdiction.  Also, "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly, supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Some claims will

demand relatively more factual detail to satisfy this standard, while others require less." *In re Insurance Brokerage Antitrust Litigation*, 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the amended complaint in accordance with 28 U.S.C. § 1915(e)(2) which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
>   (i) is frivolous or malicious
>   (ii) fails to state a claim upon which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff has not alleged facts from which it can reasonably be inferred that the court has subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012). The court has an obligation to satisfy itself that it has subject-matter jurisdiction and the court may raise the issue *sua sponte*. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77-78 (3d Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

The court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff mentions

5

28 U.S.C. § 1331 in her amended complaint. But she has not pleaded any facts from which it can reasonably be inferred that she is raising a claim under the Constitution, laws, or treaties of the United States.

We note that claims under 28 U.S.C. § 1331 are frequently brought pursuant to 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* Section 1983 requires "'both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The plaintiff has not alleged that the defendant was acting under color of state law. Nor has the plaintiff alleged

6

facts from which it can reasonably be inferred that the defendant was acting under color of state law. Accordingly, the court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The court has jurisdiction over civil rights claims pursuant to 28 U.S.C. § 1343. 28 U.S.C. § 1343(a)(1) provides that district courts have jurisdiction over any civil action authorized by law to be commenced by any person "[t]o recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42." 28 U.S.C. § 1343(a)(2) provides that district courts have jurisdiction over any civil action authorized by law to be commenced by any person "[t]o recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent." The plaintiff has not alleged any facts which reasonably support a 42 U.S.C. § 1985 claim. Accordingly, the court does not have jurisdiction pursuant to 28 U.S.C. § 1343.

7

The court has diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between *inter alia* citizens of different states. 28 U.S.C. § 1332. Section 1332 requires complete diversity. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). There is complete diversity only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.* The plaintiff has not alleged facts from which it can reasonably be inferred that there is complete diversity. Accordingly, the court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332.

This case also does not fall within any of the other categories of the court's subject-matter jurisdiction. *See* 28 U.S.C. §§ 1330 & 1333-1369.

The amended complaint does not provide a short and plain statement of the court's jurisdiction. It also does not provide a short and plain statement of the claim showing that the plaintiff is entitled to relief. The plaintiff has failed to allege facts explaining why she is entitled to relief from the defendant.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend her complaint unless amendment would be inequitable or futile. See *Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). We granted the plaintiff leave to file an amended complaint, and she filed an amended complaint. She still, however, fails to plead facts showing that the court has subject-matter jurisdiction or showing that she is entitled to relief.

IV.  Recommendations.

Based on the foregoing, it is recommended that the amended complaint be dismissed and that the case be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: July 30, 2012.